IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-340 |
| ) | |
| NICK MOROBITTO ) | |
| MATTHEW WARHOLA ) | |
| JUSTIN SWOGER ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Gregory J. Nescott, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, in the form of OxyContin tablets From in and around August 2006 and continuing thereafter to in and around April 2007 | 21 U.S.C. §846 |

## II. ELEMENTS OF THE OFFENSE

In order for the crime of conspiracy to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, in the form of OxyContin tablets, in violation of Title 21, United States Code, Section 846 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2. That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States v. Bodolato, 701 F.2d 915, 921-22 (11th Cir. 1983).

3. That oxycodone is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812, and Title 21, Code of Federal Regulations, Section 1308.12(b)(1).

III. **PENALTIES**

Conspiracy to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, in the form of OxyContin tablets, in violation of Title 21, United States Code, Section 846:

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

V. <u>RESTITUTION</u>

Not applicable in this case.

>   Respectfully submitted,
>
>   MARY BETH BUCHANAN
>   United States Attorney
>
>   GREGORY J. NESCOTT
>   Assistant U.S. Attorney
>   PA ID NO. 27331