```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
         V.                 )    Criminal No. 07-340
                            )
JUSTIN SWOGER               )
```

**DEFENDANT'S POSITION WITH REGARD TO SENTENCING FACTORS**

Defendant Justin Swoger, through his counsel, Assistant Federal Public Defender Elisa A. Long, files this Position With Regard to Sentencing Factors.

**Objections and Corrections to the Presentence Report**

1. **Page 1.** Release Status. Mr. Swoger's release status has changed since the submission of the Presentence Report ("PSR"). On September 15, 2008, the Court revoked Mr. Swoger's bond and placed him in the custody of the United States Marshals Service.

2. **Paragraph 2.** Although Mr. Swoger did not comply fully with the conditions of his bond, Mr. Swoger was in substantial compliance for a significant period of time, and, during that time, he made commendable efforts toward dealing with his substance abuse issues. Mr. Swoger successfully completed a twelve week program at SPHS Behavior Health Mon Valley Drug and Alcohol Program in October of 2007, a 28 day inpatient program at Gaudenzia Crossroads in March of 2008,

and an outpatient aftercare program at SPHS Behavior Health Mon Valley Drug and Alcohol Program in May of 2008.  He also attended outpatient treatment at the Washington CARE Center. *See* PSR ¶¶ 66-69.

    3.   **Paragraphs 35 through 45**.  Mr. Swoger objects to the factual averments regarding the circumstances of the prior offenses described at Paragraphs 35 through 45 because those averments are purportedly based upon unverified sources, such as police reports containing unverified allegations.  According to the principles set out in the United States Supreme Court's holdings in *Shepard v. United States*, 544 U.S. 13 (2005), and *United States v. Taylor*, 495 U.S. 575 (1990), for accurate fact finding regarding prior convictions, the sentencing court is limited to terms of the charging document, the plea agreement, or the transcript of the colloquy between the court and the defendant, in which the defendant confirmed the factual bases of his guilty plea, or to some comparable ***judicial*** record of this information, not to unverified accusations in police reports. Accordingly, Mr. Swoger objects to the use of these unverified allegations in reaching a sentence.

    4.    **Paragraphs 39 and 40.**  The offenses described in Paragraphs 39 to 40, although listed separately, appear to arise out of the same incident.  The citations were issued on the same day by the Fallowship Police Department, the plea and sentencing hearings occurred on the same day, and the docket numbers are consecutive.

    5.    **Paragraphs 43 and 44.**  The offenses described in Paragraphs 43 and 44, although listed separately, appear to arise out of the same incident.  The Pleasant Hills Boro Police arrested Mr. Swoger for both offenses on the same day, the citations were issued on the same day, the plea and sentencing occurred on the same day, and the docket numbers are consecutive.

    6.    **Paragraph 64.**  Mr. Swoger was not using 1 ounce to 1.5 ounces of cocaine per week.  Rather, he was using 1 gram to 1.5 grams of cocaine per week.

    **7.**    **Paragraph 94.**  Mr. Swoger reserves the right to request a downward departure as well as a variance from the advisory sentencing guideline range in his Memorandum in Mitigation of Sentence, which he will file prior to sentencing.

    8.

**Conclusion**

Counsel reserves the right to supplement the objections and corrections noted above should she obtain additional, relevant information.

>Respectfully submitted,
>
>**S/Elisa A. Long**
>Elisa A. Long
>Assistant Federal Public Defender