## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2: 07-cr-0340-003 |
| | ) | |
| JUSTIN SWOGER | ) | |

## TENTATIVE FINDINGS AND RULINGS

Although the decision of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), held that the Sentencing Guidelines are no longer mandatory, the "remedial majority" opinion in the case instructs that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) when fashioning an appropriate sentence. *See Booker*, 543 U.S. at 247;[1] *see also Gall v. United States*, 552 U.S. 38 (2007).   It remains appropriate, therefore, in this case to consider and resolve any Sentencing Guidelines disputes in order to determine a sentencing range for Defendant, which will then be one of the § 3553(a) factors to be considered in imposing an appropriate sentence.

In accordance with §6A1.3 of the United States Sentencing Guidelines ("USSG") and Local Criminal Rule of Court 32.1(H), the Court makes the following Tentative Findings and Rulings with respect to the USSG sentencing factors in dispute:

---

[1]      Title 28, United States Code, § 3553(a)(4) requires the Guidelines sentencing range to be considered as one of the factors in sentencing.  Subsection (a)(6) requires the sentencing court to consider "the need to avoid unwarranted sentence disparities"; and Subsection (c) requires the sentencing court to state the reasons for the imposition of a particular sentence, including the reasons for any deviation from the Guidelines sentencing range and the effects of the other § 3553(a) factors in setting the sentence.

1.     On September 11, 2007, a federal grand jury sitting in the Western District of Pennsylvania returned a one-count indictment against defendants Nick Morobitto, Matthew Warhola, and Justin Swoger which charged all defendants with Conspiracy to Distribute and Possess With Intent to Distribute Oxycodone, in the Form of OxyContin tablets, from in and around August 2006 to in and around April 2007, in violation of 21 U.S.C. § 846.

2.     On July 11, 2008, Defendant Swoger appeared before this Court and pled guilty to the one-count Indictment.

3.     The Presentence Investigation Report ("PSI") was prepared in this matter by the Probation Office on August 22, 2008, with an Addendum to the PSI prepared on September 29, 2008.

4.     On August 29, 2008, the Government filed its POSITION WITH RESPECT TO SENTENCING FACTORS AND RESPONSE TO OBJECTIONS (*Document No. 83*) in which it reported no additions, corrections or objections to the PSI.

5.     Defendant filed his POSITION WITH REGARD TO SENTENCING FACTORS *(Document No. 92)* on September 25, 2008, in which he reported no objections to the guideline calculations in the PSI but has made several factual corrections and/or clarifications to his release status as listed on Page 1 and Paragraphs 35 - 45, 43-44, and 64. The Court notes that the Defendant has indicated that he will be filing a Memorandum in Mitigation of Sentence, which will address factors which may warrant a downward departure and/or variance below the advisory sentencing guidelines.

6.      Pursuant to Federal Rule of Criminal Procedure 32(i)(3)(B), the Court must make a finding on any disputed portion of the PSI or make a determination that no finding is necessary because the controverted matter will not be taken into account in sentencing the Defendant.

7.      Additionally, the Court notes that pursuant to the decision of the United States Supreme Court in the case of *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines are now advisory recommendations and no longer mandatory.

8.      As stated *supra*, Defendant objects to several factual statements contained on Page 1,  and Paragraphs 35 - 45, 43-44, and 64  of the PSI, none of which will have any affect on the advisory guideline calculations in this matter.  Moreover, each of Defendant's objections was acknowledged and addressed by the Probation Officer in the Addendum to the PSI.

9.      As to his release status, Defendant states that his release status has changed since the preparation of the PSI.  Specifically, on September 15, 2008, the Court revoked Defendant's bond and placed him in the custody of the United States Marshals Service.

10.     The Defendant's clarification was acknowledged and accepted by the Probation Officer in the Addendum to the PSI.  The Court does not believe that any modification to the PSI as to this factual matter is necessary at this time.  *See* Fed. R. Crim. P. 32(i)(3)(B) (a sentencing court "must - for any disputed portion of the presentence report or other controverted matter -  rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing"); *United States v. Gambone*, 938 F.2d 455 & n.2 (3d Cir. 1991); *United States v. Turner*, 898 F.2d 705, 710 (9th Cir. 1990) ("Neither due process nor Rule 32 requires a district court judge to be an editor as well as an arbiter of justice").

11.     Defendant objects to the factual averments regarding the circumstances of his prior convictions described in Paragraphs 35 through 45 of the PSI.  Defendant argues that these averments are purportedly based upon unverified sources and objects to the use by the Court of these unverified allegations in reaching a sentence.  The Defendant notes that for accurate fact finding regarding prior convictions, the sentencing court is limited to the terms of the charging document, the plea agreement, or the transcript of the colloquy between the court and the defendant. *See Shepard v. United States,* 544 U.S. 13 (2005) and *United States v. Taylor,* 495 U.S. 575 (1990).

12.     The Probation Office responds, *inter alia*, that Monograph 107 of the Administrative Office of the United States Courts directs the Probation Office to include in the PSI details about prior convictions and describing the circumstances surrounding the violation(s).

13.     Title 18, United States Code, § 3661, provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."   Federal Rule of Criminal Procedure 32(d)(2)(A) provides generally that the PSI "must contain" information about the history and characteristics of the defendant, including his prior criminal record, if any, his financial condition, and any circumstances affecting his behavior that may be helpful in imposing sentencing or in the correctional treatment of the defendant.  *See also Gregg v. United States,* 394 U.S. 489, 492 (noting that "[t]here are no formal limitations on the [] contents [of the presentence reports], and they may rest on hearsay and contain information bearing no relation whatever to the crime in which the defendant is charged.").

14.     The Court finds that the Probation Office appropriately included in the PSI details about Defendant's prior convictions and the circumstances surrounding the violation(s).  Further, the

Court finds that Defendant's reliance upon *Shepard* and *Taylor* is misplaced as those cases are relevant to a Court in its application of 18 U.S.C. § 924(e), and if prior offenses are predicate offenses for the purposes of the Armed Career Criminal provisions of the Sentencing Guidelines. Title 18, United States Code, section 924(e) is not applicable to the instant offense, nor is Defendant considered an Armed Career Criminal under the Sentencing Guidelines. Accordingly, the Court finds that no modification of the PSI is necessary as the matters noted by counsel will not affect sentencing insofar as it does not impact the guideline calculations.

15. Next, Defendant notes that the offenses noted in Paragraphs 39 and 40 and Paragraphs 43 and 44, although listed separately, appear to have arisen from the same incidents, respectively. The Probation Office agrees that the offenses at Paragraphs 39 and 40 and at Paragraphs 43 and 44, did occur on the same dates and from the same conduct. The Probation Office explains, however, that they were listed separately because they were charged under separate citations at the District Magistrate level. Also, the offenses did not receive any criminal history points and have no impact on the guideline calculations. The Court finds that no modification of the PSI is necessary as the matters noted by counsel will not affect sentencing insofar as it does not impact the guideline calculations.

16. Lastly, Defendant notes that Paragraph 64 of the PSI is incorrect as it reflects that he was using 1 - 1.5 ounces of cocaine per week, when in fact he was using 1 -1.5 grams of cocaine per week. The Defendant's clarification was acknowledged and accepted by the Probation Officer in the Addendum to the PSI. Accordingly, the Court finds that no modification of the PSI is necessary as the matters noted by counsel will not affect sentencing insofar as it does not impact the guideline calculations.

The sentencing hearing will proceed on **October 9,  2009 at 1:30 p.m.**, in accordance with

the foregoing tentative findings and rulings.

So **ORDERED** this 5th day of October, 2009.


BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:     Gregory J. Nescott,
        Assistant U.S. Attorney
        Email: patricia.pulkowski@usdoj.gov

        Elisa A. Long,
        Assistant Federal Public Defender
        Email: Elisa_Long@fd.org

        Peter J. Gawlinski,
        U.S. Probation Officer